**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD L. SPRINGS,

      Plaintiff-Appellant,

v.

PATRICK J. SULLIVAN, JR., Sheriff;
ARAPAHOE COUNTY SHERIFF
DEPARTMENT,

      Defendants-Appellees.

No. 00-1098
(D.C. No. 00-Z-93)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Plaintiff-Appellant Richard L. Springs, a prisoner in the Arapahoe County,

Colorado, detention facility, filed a civil rights action in federal district court,

presumably pursuant to 42 U.S.C. § 1983, alleging that a prison guard had failed

to protect Springs from assault by another inmate in violation of Springs'

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

constitutional rights. (See Doc. 3.) Springs alleges that while he was in segregated confinement, Springs' door as well as that of another inmate were improperly left open. When Springs exited his cell, he was assaulted by the other inmate, resulting in injury to Springs' thumb. Springs sought $40,000 in damages. Springs also sought leave to proceed in forma pauperis ("in forma pauperis") pursuant to 28 U.S.C. § 1915. (See Doc. 1.)

Springs' complaint and motion for leave to proceed in forma pauperis failed to comply with a number of procedural requirements. Magistrate O. Edward Schlatter therefore ordered Springs to cure these deficiencies within thirty days. (See Doc. 2.) The order further provided that if Springs failed to cure the deficiencies within that time, the action would be dismissed without prejudice.

Springs filed an amended complaint within the thirty-day time period. (See Doc. 4.) The district court nonetheless dismissed Springs' complaint without prejudice, and denied the motion to proceed in forma pauperis as moot, in light of the fact that Springs had failed to comply with the requirement that he "submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint," 18 U.S.C. § 1915(a)(2), in order to qualify for in forma pauperis status.

Springs filed a motion for leave to proceed on appeal in forma pauperis (see Doc. 10), but the district court denied this motion, finding that the appeal was not sought in good faith as required by § 1915(a)(3) (see Doc. 11).

We deny leave to proceed in forma pauperis and dismiss the appeal on the ground that it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). Springs does not contend in his brief on appeal that he did, in fact, comply with the order to cure the defects associated with his original complaint and motion for in forma pauperis status. Moreover, our review of the record indicates that the copy of his trust fund account statement did not comply with the certification requirement. (See Doc. 5.)

The procedural posture of this case does not permit this court to consider the merits of Springs' claim that his constitutional rights were violated. We wish to make clear to Mr. Springs that the district court denied his original complaint and motion for in forma pauperis status without prejudice. This means that he may refile his complaint and motion for in forma pauperis status with the district court. If Springs does so, and provided he meets all of the procedural and jurisdictional requirements, the district court will then be in a position to

consider the claim on the merits.

Appeal DISMISSED.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge